May it please the court, Ron Ignatik on behalf of the appellant Richard Hong. First off, the attorney that was solely responsible for preparing these briefs is no longer with my firm, so it falls upon me to apologize to this court and to counsel for the infirmities that Tatung has pointed out in the briefing. There's been failure to cite to the record in certain instances and certain documents missing, and for that reason I'm not going to argue the collateral estoppel issues, and I'm going to focus solely on the 523A4 issue for which there is more than ample record before this court. And in that regard, the Mueller versus... Just to be, just to make sure I understand what just happened, are you conceding that collateral estoppel applied then? You say you're not arguing it, have you dropped that that appellant issue? Yes. Okay, thank you. Appellant's position with respect to the 523A4 issue is virtually identical to Judge Taylor's opinion in the Mueller versus Swimmer decision issued out of the Southern District Bankruptcy Court. I want to try to put a little finer point on her analysis of the interplay between the controlled Ninth Circuit opinion and the Berg Court of Appeals decision, and point out why those two opinions compel the conclusion that a corporate principle is not a 523A4 fiduciary. As you know, Your Honor, the court in control specifically held that it is not a fiduciary with respect to 523A4. Now, could you please expand a little bit on the facts of who is not the corporate fiduciary and what the ruling below was that said that he was? In this case? Yes. Richard Hong... I'm still trying to get my hands around what we have before us now. Appellant Richard Hong was the CEO of Westinghouse Digital Electronics, LLC. He was alleged to have engaged a defalcation of trust while WDE was insolvent. Right. And what you are... arguing that there should have... that there was collateral estoppel... there shouldn't have been collateral estoppel with respect to the arbitration? Is that... Well, the... Let me withdraw that and just say this. I mean, what's contained in the record is that he was found... he was added to the arbitration to determine whether he was the alter ego. And the arbitrator went way beyond that and found all manner of fraud and defalcation upon which the bankruptcy court relied. Right. And it's our position that... and I wish the demand were in the record so you could see it, but there was no allegation whatsoever of insolvency at the time of defalcation. The demand... Allegation where? In the arbitration demand. Arbitration demand. It was simply an allegation that the company is insolvent when it was filed and that all of the alleged defalcations occurred prior to the filing. So, for that reason alone, I don't think that collateral estoppel should apply. But you're not actually contesting that or now you are? I guess I'll withdraw my withdrawal. Sorry about that. But I intended to focus on the 523A4 issue, because I do believe it's dispositive of this appeal. Well, the bankruptcy court found, with respect to that what? The bankruptcy court applied the findings of the arbitrator, found that WDE was insolvent while Mr. Hong diverted funds. And therefore, under the California Trust Fund Doctrine, it would be non-dischargeable under 523A4. A4. And then that was appealed to the district court? That's correct. And the district court found? The district court found that the BAP opinion in Ray Jacks was correctly decided and that the Judge Taylor's decision in the Mueller case did not influence her or persuade her. And we believe Judge Taylor... So, agreeing with the bankruptcy court on this issue? Agreeing with the bankruptcy judge. Yeah. Exactly. So, Judge Taylor found that in Ray Jacks was decided without the benefit of the subsequent Ninth Circuit opinion in Control and the subsequent 2009 opinion in Berg Enterprises. In Control, the Ninth Circuit found that a corporate principal, such as Mr. Hong, is not a 523A fiduciary. And therefore, non-dischargeability does not apply. In that case, the plaintiff was the corporation, not a creditor. And Control made a point of that and said that that mattered, right? So, why... That's not our situation here. So, why should we... I'm not sure how you're connecting these dots. Well, I don't know that it's accurate to say that the Control Court made a point of it. The court mentioned that the debtor raised in Ray Jacks and the court stated that in Ray Jacks involved a creditor, whereas this case involved the corporation. But the reason... It wasn't asked to decide the creditor issue. And of course, cases aren't authority for propositions not considered. So... So, how should we use it to decide the creditor issue here? Well, in the Berg case, if you look at Berg in connection with Control, in Berg, it was a creditor. And the court in Berg noted... First of all, Appley argues that the Berg court didn't say anything new about the California Trust Fund Doctrine or the duties that are owed to corporate creditors of an insolvent corporation. But the Berg court specifically noted that since the 1991 Delaware decision, the lioness decision, no California court had addressed the scope of the duties owed by corporate principals to creditors of an insolvent corporation. And so Berg took it upon itself, the Berg court, to specifically limit the duties to those circumscribed by the Trust Fund Doctrine. And that is not to divert or dissipate assets of an insolvent corporation. It limited those. In other words... I never know how to say this, but ex-maleficio trust, not what we have here, right? That trust arose because of some misappropriation, and that's not the claim here about the California Trust Doctrine. The claim here is that the trust arose because they were insolvent and that that triggers it then. In Berg, there was a misappropriation that triggered it, right? That is true. But the question here on appeal is whether or not the application of the Trust Fund Doctrine imposes a fiduciary duty, a limited fiduciary duty, under A-4, which is not as broad as the concept of fiduciary duty. So we're talking about California law, right? No, we're talking about... What are we talking about? Whether or not there's a trust is an issue of state law. Whether or not there is a fiduciary duty under A-4 is a matter of federal law. Right, but the trust under California law arises under the California Trust Doctrine, right? Well, I would dispute whether a trust arises, because if you look at, again, back to the Cantrell case, it was an insolvent corporation. The corporation sued its principal, and this court found that there was not a trust created. It was not a trust relationship. But the trust is for creditors under the Trust Fund Doctrine, and that wasn't a case about creditors. That is true. That is true, but the... And this is. The scope of the duties under the Trust Fund Doctrine are very limited. They are not co-extensive with the duties owed to a corporate principal. I mean, owed to the corporation by the principals or to the shareholders. For example, the duty of loyalty, duty of care. He might not have all the duties, but he can't go spending the money for his own benefit, right? That's one of the duties, and that's what he was found to have violated, right? Well, the question is, under bankruptcy law, if defalcation of trust, which is a claim that a corporation can assert against a principal or attempt to, the Ninth Circuit determined that a corporate principal is not a fiduciary under A-4. Under Berg, the duties owed to creditors are less than the duties owed to the corporation or to the shareholders. So the only thing that happens upon insolvency is a shifting of the party that has an interest in the corporate assets. Prior to insolvency, you have the shareholders. After insolvency, you have the creditors. All the trust fund doctrine does is shift that interest, and that being the case, there's no logical reason under control to say that even though they're not a fiduciary under A-4 with respect to the corporation or the shareholders, somehow creditors get this special treatment and you become a fiduciary under A-4 once insolvency occurs. The only thing that has occurred is one party is no longer the beneficiary of the corporate race and another party is. But we have to follow California law, and California has the California trust doctrine. So how is what you're saying responsive to that? As Judge Taylor noted in her opinion, the trust fund doctrine is a misnomer. It's an unfortunate misnomer. Under A-4, you have to have an express or technical trust. An express trust requires a declaration of trust and a conveyance of the race. None of that happens under... Under what body of law? I mean, so okay, that judge said that, but is that interpreting California law? Yes. So what if we disagree? That's not how it's... how I read what California law has said about the California trust doctrine. It seems like it gets created whenever there is an insolvent company with debts to creditors. But again, Judge Taylor, I think correctly noted, citing the California or the United States Supreme Court in a Hollins decision, which is admittedly old, 1893, stating that it's really a misnomer. That it's a... They have lots of misnomers in the law. What's a misnomer? Trust? I'm sorry? What's a misnomer? Trust? No, the characterization of it as a trust fund, the trust fund doctrine. What it is, it's a doctrine that places a duty upon corporate principles to not squander corporate assets. It's not a fiduciary duty? And that's what it is. It's a fiduciary duty. If they abuse that duty, then they're liable. I respectfully disagree, Your Honor. That's all right. You want to save a minute and 51 seconds? Sure. May it please the Court. Joseph Dunn on behalf of the Appellee Taton Company Limited. Let's see if you can keep your voice up. Yes, Your Honor. You can move that device. Thank you, Your Honor. Speak into it. I'll try my best. The road on this appeal is fairly simple. The bankruptcy court entered non-dischargeability on two alternative but equally dispositive grounds. The appellant, Richard Long, has not appealed both of those grounds. The law in the circuit makes clear that when the lower court issues a judgment on equally dispositive grounds and one is not appealed to the court, the court may summarily affirm. So the 523A4 issues that were just discussed need not be reached by this court. The cases that you rely on for that, though, don't have an intermediate appellate court in between the court that had the double judgments and us, right? So here we have the district court, which was an appellate court in this context. And our jurisdiction comes from the district court, doesn't it? Understood. But the standard of review on appeal to this court is a review of the bankruptcy court judgment independent and without reference to the district court. That's true. But I've never heard of a doctrine that says that you have to appeal something that you want. And that is what you're arguing, right? Well, but let's be clear. In the district court, there was nothing that was won by the appellant, Richard Long, because there was only a judgment affirming the bankruptcy court's judgment. In fact, the entire discussion of 523A2 by the district court was mere dicta because the district court, like this court, only needs to find non-dischargeability on one of the two alternative grounds, only needs to affirm on one of those grounds. And in fact, during a colloquy in the district court, Judge Morrow pointed that out, asked a question of Titang and said, is one of the grounds for summary judgment sufficient for your purposes or do I need to rule on both? And we said one is sufficient. And that point has never been disputed. And if there's a case that you cite in our briefing, the Apte case, I think that's how you say it, A-P-T-E, Ninth Circuit case, that says exactly that. When you have alternative grounds for non-dischargeability, the court need only find affirmance on one of them. That's right. But that doesn't mean if you don't appeal the other one that is unnecessary, that all of a sudden you don't have to resolve the issue that was decided on appeal. I mean, this is a, that would be a bizarre result. Well, I would note the Bain case, the Fourth Circuit case that we cited in our papers, that was the exact result. And they employed the same standard of review that is applicable to this court reviewing the bankruptcy court judgment now. And the Bain court, it involved a denial of discharge instead of non-dischargeability. But the bankruptcy court entered the denial of discharge judgment on two equally dispositive alternative grounds. And the court, excuse me, the debtor in that case appealed to the district court. The district court affirmed on one of the grounds, finding it didn't need to address the other ground because one was sufficient. It's not a published case, is it? It is not a published case. No, I don't think you can cite it to us or there. The, I'm sorry, it's reported, it is a reported case, it was cited in our papers, and it is a recent case, so I believe it's citable. It may be citable, but it's not precedential. It's not precedential, Your Honor, that's correct. But the rationale is sound based on the same standard of review that is applicable in this court. And to your point about the cases that we cited, yes, a lot of them were district court acted as the trial court, and then it was appealed to the Ninth Circuit. But it's effectively the same thing. Because of the standard of review, the Ninth Circuit now sits to review the bankruptcy court's judgment de novo. And so it has to look at both of the grounds for non-dischargeability, and it has to consider any and all challenges to both of those grounds for non-dischargeability. I recommend that you tell us why you win on the issue that was decided. Certainly. And the only issue that is before the court is 523A4. That's the only issue that's really been briefed, and it's the only issue that has been argued. And I'll skip over the collateral styleful issues for now, seeing as counsel, I believe, has skipped them as well. Really what Mr. Hong is arguing for here is a change in the law. The law has been fairly clear in this circuit, through the opinions beginning with the Lasagna case by this court in 1979, under the predecessor to 523A4, through N. Ray Jacks, N. Ray Nelson, N. Ray Weinberg. All of the cases apply the California Trust Fund doctrine and look at the corporate duties that are present in the time of insolvency and are owed to creditors as sufficient under 523A4. And the argument that's been presented to the court is that that should change, that this court should essentially change the law. And the basis for doing so is that between the last time it was decided and now, California has said something different. And that's simply not the case. The Berg Court did not say anything different about the scope of fiduciary duties under California law in insolvency than had already been said by the Carr America case, than had already been said by Jacks. They all focus on the fiduciary duty of a corporate principle in times of insolvency, not to dissipate, divert, or unduly risk corporate assets. What do we do with our court's decision in double bogey? So double bogey is limited. Remember, in that case, the issue was whether the fiduciary duty could be imputed by virtue of the alter ego doctrine. So the appellant in that case argued that because the corporate principles were alter egos, the fiduciary duties owed by the company. Right. And we don't have that issue. But double bogey said, common law doctrines rarely impose the trust-like obligation sufficient to create a fiduciary relationship under Section 523A4. The kinds of trust typically created by operation of law, constructive, resulting, or implied trust never satisfy Section 523A4's rigorous requirements. What do we make of that court? So the first thing to note is that the California trust fund doctrine, it's been consistently held that that gives rise to an express trust. And that is what is required for the fiduciary capacity under 523A4. When you say consistently held, who held that it was an express trust? The Jacks case held, Nelson, Weintraub. Those are all bankruptcy court cases, is that right? Or BAP cases? BAP cases, yes. So do we have any California case that says that it's an express trust? And do we need that? No, we don't need that. And I'll say the reason why the California courts don't get there is because this comes up in California cases outside of the bankruptcy context. So they don't have occasion to say this is an express trust or a constructive trust for purposes of 523A4. So the California courts, it's really deciding whether it is an express trust requires the federal courts, faced with that analysis in the 523A4 context, to make that judgment. And what is an express trust? Is it a trust that's written down, though? I'm not sure what the definition is, but I'm not sure this fits very naturally with what I think the definition is. Well, so if we go to this court's decisions in Lewis and Ragsdale to look at, you know, what constituted a sufficient express trust in those scenarios, it was a trust that arises independent and before any wrongdoing. It's not ex-maleficio, as Your Honor noted. And that there's an identifiable trust property. So we have all those things. We don't need a requirement that it be written? The express doesn't mean written? No, and the court in Lewis, Ragsdale, and Jacks made clear that an express trust can be imposed by common law. And in fact, that's what was done there. The express trust found sufficient in Lewis and Ragsdale were the common law description of the fiduciary duties that were owed between the partnerships under both California and Arizona law. So like those cases, the fiduciary duties here give rise to an express trust. And that's been the law all along. And there's been nothing to change that notion. I know that there's been much citation to the Mulder case, and I have great respect for that court. But they went into analysis that is unnecessary. And the express trust can arise by operation of law, and it has. And so just to make one more point about the requirements for the express trust, an ex-maleficio trust. This was another issue that was raised by Mr. Hong in his briefing that this is some sort of a constructive trust that only arises when there's wrongdoing. And that's it's clearly the fiduciary duty arises upon insolvency. And there's a duty to refrain from diverting, dissipating, unduly risking corporate assets because the creditors are the residual beneficiaries under that trust. Go ahead. I'm sorry. But like I said, our briefing lays out, I think, fairly clearly why there's no reason for departure from that. And I'd just like to hit on one point that you raised with the appellant, and that is Cantrell. Cantrell did not touch this issue and, in fact, distinguished the issue. And it's important to remember Cantrell was decided employing the Bainbridge analysis by the California Supreme Court, where they specifically looked at the fiduciary duty owed between a corporate principal and the company and shareholders and said, no, that's not the same fiduciary duty. That's a duty of agency. That's not an actual trust fund like we have here. This is, this appeal comes on the. But it still requires honesty. Yes, it requires honesty and good faith. And whatever label you put on it. Correct. And many of the fiduciary duties require all of those same things. But I think one of the points that we made in our papers fairly clearly is, is this, it's a separate and distinct analysis. This is, this appeal comes on the heels of a lot of litigation, as many appeals come to you. And there was explicit findings of fraud, breaches of these fiduciary duties. And, in fact, the arbitrator employed this same analysis in trying to determine what was necessary for him to agree, or excuse me, to find in the arbitration award. And, in fact, made those findings of the exact breaches of fiduciary duty that were subsequently found preclusive by the bankruptcy court. You want to wrap it up? Certainly. I think that's all I have to say on that issue, Your Honor. Thank you. Thank you. Briefly, the, Teton's argument that an appellant was required to appeal a favorable ruling makes no sense whatsoever. He didn't cite a single case that presents the facts presented here. In addition, the Bain case is not applicable because, in that case, the district court only ruled on one of two issues. The other issue remained undisturbed, which needed to be appealed. So, with respect to the fiduciary duty issue, there are different types of fiduciary duties. There's a fiduciary duty of a trustee. There's also a fiduciary duty owed by an agent to the principal. Under the control case, the fiduciary duties that the corporate principals owed to the corporation were that of agency. There's no case that I'm aware of holding that a, there's an expressed trust, excuse me, I'll withdraw that, with respect to the common law imposing an expressed trust. It's an extreme anomaly. It's been, it was held in this court's case in Ragsdale and also in the Lewis case interpreting Arizona law. However, in both those cases, it involved partnerships, and the common law is replete with decisions discussing the fact that partners are trustees of each other with respect to trust partnership practice. But our court has decided that the common law can create the appropriate kind of trust. Now, you might say that's a different trust, but as a general matter, the idea that common law could serve this role has been decided by our court, hasn't it? That's the only situation that I'm aware of where the common law has established a trust. And this court this year also said, as you noted in Double Bogey, that it's an extremely rare situation, and it's usually tethered to some statute whereby the common law just more clearly expresses or defines the duty. And that is definitely not the case with the trust fund doctrine. It's a pure creature of the courts. And therefore, I would suggest that Double Bogey strongly suggests that should be rejected. There's no reason to impose or to say- What should be rejected? That we should reject the California trust fund doctrine? No. You should find, you should hold that the trust fund doctrine does not create a 523A4 fiduciary, even though there might be a fiduciary responsibility born out of agency where, in control, where it shifts to the creditors upon insolvency. It does not produce an express or technical trust because there's no relationship there that would give rise to a technical trust. And there's no expression of an intent to become a trustee. Unlike partnerships in Ragsdale and in Lewis, partners are at least constructively aware of the body of common law. Well, we have this whole body of constructive trust that permeates the law, you know. The law is flexible in this area. It may be flexible, Your Honor, but under Ninth Circuit authority in Ragsdale and many other cases, the interpretation of a fiduciary duty for purposes of A4 is far more narrow than the concept of fiduciary duty generally. So what I'm suggesting is that with respect to the trust fund doctrine, it does not create the fiduciary duty necessary to impose non-dischargeability under A4. Okay. Thank you. We're going to take a brief recess at this time.
judges: Schroeder, Pregerson, Friedland